ERASTUS B. BADGER *vs.* CITY OF BOSTON.

Suffolk. Nov. 9, 1880. — Jan. 6, 1881. AMES, LORD & SOULE, JJ., absent.

At the trial of a petition for the assessment of damages caused to the petitioner's estate by the construction of a public urinal, under the St. of 1876, *c.* 65, evidence is not admissible that offensive smells came from the building after it was used as a urinal, causing a nuisance and injuriously affecting the petitioner's tenants.

ENDICOTT, J.  Under the St. of 1876, *c.* 65, the city of Boston is authorized to construct urinals in the public streets, and "any owner of land who suffers any injury to his property by reason of the construction of any urinal" may apply to the Superior Court and have his damages ascertained "in the manner provided where land is taken in laying out highways." A structure, thus authorized to be used as a urinal, cannot be said to be in itself a nuisance, although its construction may be an injury to property in the vicinity. And it is the injury to his property, by reason of the construction of such a building, devoted to such a use, for which the owner may recover damages. The statute cannot be construed as meaning damages for maintaining such a urinal in an improper manner, so as to become a nuisance.

This is a petition brought under the statute to recover damages occasioned by reason of the construction of a urinal near the property of the petitioner. Evidence was introduced on both sides on the question whether the petitioner's property was injured by its construction; and the petitioner offered to prove that offensive smells came from it after it was used as a urinal, causing a nuisance, and injuriously affecting his tenants. We are of opinion that this evidence was properly excluded. If this urinal, by reason of its management or use, becomes a public nuisance, the city may be liable to indictment for thus maintaining it; or be subject to an action of tort by a person who suffers special damage thereby. *Eames* v. *New England Worsted Co.* 11 Met. 570. In that case, it was held that, upon a complaint filed by a landowner to recover compensation for injury done his land by a dam, he could not recover damages arising from offensive smells proceeding from the land flowed, when the water was drawn off. *Staple* v. *Spring*, 10 Mass. 72. The damages which

the petitioner has suffered are to be ascertained in the same manner as damages occasioned by the laying out of highways; and if a town, after having constructed a highway, fails to maintain it in a proper manner, or keeps it in such condition that it becomes a nuisance, it is very clear that a person, whose land is injured by its construction, and who seeks damages therefor under the statute, cannot recover damages arising from such want of repair after the way is constructed.

*Exceptions overruled.*

*D. C. Linscott,* for the petitioner.
*T. M. Babson,* for the respondent.