## COMMONWEALTH *vs.* GRANVILLE L. PACKARD.

Plymouth.    December 16, 1903. — February 24, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Nuisance.    License.    Naphtha.*

An indictment charging the defendant with storing between certain dates large quantities of naphtha on premises kept and maintained by him for the purpose, near private houses and public highways, by reason whereof great quantities of offensive, noxious and unwholesome smells were emitted and impregnated the air, making it unhealthy, is good as an indictment at common law for maintaining a nuisance.

A license under St. 1894, c. 399, (R. L. c. 102, §§ 114, 115,) permitting the storage of naphtha in a certain building, is admissible in evidence on the trial of an indictment at common law for maintaining a nuisance by the storage of naphtha there during the period covered by the license, and proof of compliance with the terms of the license is a defence.

INDICTMENT, found on February 10, 1902, for maintaining a nuisance at common law.

The indictment was as follows: "The Jurors for the Commonwealth of Massachusetts on their Oath present, that Granville L. Packard of Brockton in the County of Plymouth, on the first day of October, in the year of our Lord one thousand nine hundred and one, and on divers other days between said first day of October and the date of the finding of this indictment, at Brockton, in the County of Plymouth, near dwelling houses occupied by divers citizens of the said Commonwealth, and also near divers public highways and divers ways commonly and lawfully used by divers citizens of the said Commonwealth, said public highways and ways being then and there situate, then and there did keep and maintain a building and premises for the storage of, and did store, a large quantity of naphtha; by reason whereof large quantities of offensive, noxious and unwholesome smells on the days aforesaid then and there were emitted, and the air thereabouts on the days aforesaid was greatly filled and impregnated with said offensive noxious and unwholesome smells, and was corrupted and rendered unhealthy, to the great damage and common nuisance of all the citizens of

said Commonwealth there being and residing and passing and repassing through the said public highways and ways; against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

At the trial in the Superior Court before *Bell*, J., a motion to quash the indictment was overruled by the judge. The jury returned a verdict of guilty; and the defendant alleged exceptions, raising the questions stated in the opinion.

*C. C. King*, for the defendant.

*Asa P. French*, District Attorney, for the Commonwealth.

BRALEY, J.  A motion to quash the indictment was denied, and after a verdict of guilty, the defendant brings his case to this court on exceptions to the order overruling his motion; to the refusal to admit the license in evidence offered by him at the trial, and to give certain rulings requested; and to the instructions under which the case was submitted to the jury.

These questions, so far as they become material to our decision, may be considered in their order.

The motion to quash was rightly overruled, as the offence is described and pleaded with technical precision, and the indictment was sufficient in form.  *Commonwealth* v. *Perry*, 139 Mass. 198.

A more important question is presented by the exclusion of the license.

By St. of 1894, c. 399, § 1, it was made a misdemeanor for any person to erect, occupy or use a building for the " storage, keeping, manufacture or refining of crude petroleum, or any of its products ", in any city or town, without a license therefor being first obtained from the mayor and aldermen or the selectmen.

In the exercise of the police power the Legislature may pass such laws as are reasonable, for the regulation of the internal affairs of the State, and it is now well settled, that by such enactments it can prohibit acts, which at common law were not classed as noxious in themselves, because their existence did not constitute a nuisance.  *Rideout* v. *Knox*, 148 Mass. 368, 372. *Quincy* v. *Kennard*, 151 Mass. 563.  It can also declare that acts which might be unlawful, if carried to excess, by reason of their general tendency to annoy, and injure others, may be lawfully done, upon such conditions as it may prescribe.  *Sawyer* v. *Davis*,

136 Mass. 239, 244. *Commonwealth* v. *Parks*, 155 Mass. 531. *Transportation Co.* v. *Chicago*, 99 U. S. 635.

"A nuisance at common law may consist in the keeping or manufacture of gunpowder, naphtha, or other explosive or inflamable substances in such quantities and places or in such a manner as to be dangerous to the persons and property of the inhabitants of the neighborhood. . . . It may also consist in the carrying on of any trade or business in such a manner as to emit offensive odors and stenches, either injurious to the health of the public, or making the occupation of neighboring dwelling-houses uncomfortable and disagreeable." *Commonwealth* v. *Kidder*, 107 Mass. 188, 192.

But if the legislative sanction is given to such acts that otherwise would be deemed a nuisance, they cease to be such when properly exercised within the terms of the license which authorizes and permits them. *Commonwealth* v. *Boston*, 97 Mass. 555. *Badger* v. *Boston*, 130 Mass. 170. *Aldworth* v. *Lynn*, 153 Mass. 53. *Bacon* v. *Boston*, 154 Mass. 100. *White* v. *Kenney*, 157 Mass. 12, 13. *Taft* v. *Commonwealth*, 158 Mass. 526, 547, 548.

Where a nuisance of the kind described in the indictment affects the enjoyment of property, or the health of an individual, or of comparatively a few persons in the community, it is said to be private in its nature, and the remedy of those injured is by an action for damages, or a bill in equity, to enjoin its continuance. If, however, it is so general in its character, and the number of persons annoyed and injured are so large that the public generally are affected, an indictment lies against those by whom it is caused and maintained. *Harvard College* v. *Stearns*, 15 Gray, 1, 5, and cases cited.

In either case, the act complained of is a nuisance, and whether it shall be deemed public or private may depend on the extent of the annoyance caused, and if a license to carry it on is shown, a civil suit for damages or for an injunction cannot be maintained, unless it appears that the licensee had not conducted the business within the conditions of his license, or has managed it in an improper or negligent manner. *Call* v. *Allen*, 1 Allen, 137, 143. *Murtha* v. *Lovewell*, 166 Mass. 391.

The mayor and board of aldermen were given full authority

by the statute, to act upon the application of the defendant. In order that all persons should be protected who might be interested, either as owners of property or residents in the vicinity where the business to be licensed was to be located, no license could be issued to him until after ample notice had been given to them, and they had an opportunity to be fully heard in remonstrance to its being granted, or to suggest limitations, under which he might be permitted to use his premises for this purpose.

It was within the power of the tribunal designated, after having heard all parties interested, to pass upon and determine whether a license should be issued, and it could either grant or refuse the application. No appeal lay from their decision, and the intention of the Legislature is plain, that after giving due consideration to those who might be inconvenienced and annoyed, and also having a proper regard for the general good order and welfare of the community, their judgment to the extent of the authority conferred is to be treated as a final determination of the rights of the parties interested.

Legislation of the class to which this act belongs has been upheld too often for it to be open to the objection that it is unconstitutional, by reason of an improper or unreasonable exercise of legislative power, and there is nothing to prevent giving full legal effect to its purpose, that persons duly licensed can store, and keep on their premises, naphtha, or any other product of crude petroleum, even if the keeping of them without such permission would create a nuisance at common law. *Commonwealth* v. *Plaisted*, 148 Mass. 375, 382, 383, 385. *Commonwealth* v. *Boston, ubi supra.*

Though the storage of the quantity disclosed by the evidence might cause noisome smells that became obnoxious to the community if the amount kept and the method of storing were reasonable and proper, and in accordance with the defendant's license, he is not either civilly or criminally liable therefor. *White* v. *Kenney, ubi supra.*

To so much of the indictment as charged the offence from October 1, 1901, to November 25, 1901,* his license would not be a protection, if otherwise his acts were sufficient to prove the commission of any crime.

---

* The date of the license offered in evidence by the defendant.

But during the remainder of the time it was competent for him to prove that he had been duly authorized to use his premises for this purpose, and the license granted to him was admissible in evidence.

It becomes unnecessary to consider the other questions presented, as they may become immaterial at another trial.

*Exceptions sustained.*