## St. James Building Corporation & others *vs.* Commissioner of Public Safety & others.

Suffolk.   March 24, 1927. — July 7, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Commissioner of Public Safety. Gasoline. Garage. Equity Jurisdiction,* Review of order of commissioner of public safety. *Constitutional Law,* Police power, Due process of law.

The commissioner of public safety in determining, after a hearing, an appeal to him of a decision by the State fire marshal revoking a license granted by the street commissioners of Boston for the keeping, storage and sale of gasoline in a public garage, is not required to state the reason on which his action is based.

The jurisdiction of the Superior Court upon a bill in equity under G. L. c. 147, § 5, to vacate and declare void an order by the commissioner of public safety is limited to the annulment of the order of the commissioner if it is found to exceed the authority of the department of public safety.

Upon an appeal to this court from a final decree in the Superior Court dismissing a suit in equity under G. L. c. 147, § 5, to have vacated and declared void an order by the commissioner of public safety, the fundamental question is whether as a matter of law upon the facts found by the judge the order of the commissioner was in excess of authority conferred by statute upon the department of public safety.

It was within the general authority of that department for the commissioner to approve an order by the fire marshal revoking a license by the street commissioners for the keeping, storage and sale of gasoline.

An order by the commissioner of public safety, made after an appeal to him from an order by the State fire marshal revoking a license granted by the street commissioners of Boston for the keeping, storage and sale of gasoline in a public garage, which merely approved the order of the fire marshal without a statement of reasons, imports an independent finding of all facts necessary to sustain it which could be found by him from the evidence and from his other sources of information; by such order the commissioner cannot be said to have adopted the whole or any part of a finding of facts made by the fire marshal and accompanying the fire marshal's decision.

Where, at the hearing by the commissioner of public safety of an appeal from a decision by the State fire marshal revoking a license granted by the street commissioners of Boston for the keeping, storage and sale of gasoline in a public garage in the Park Square district of Boston, evidence was admitted relating to the increased fire hazard and fire menace and increased danger from fire and explosion, it was *held*, in a suit in

equity under G. L. c. 147, § 5, to have vacated an order by the commissioner approving the order of the fire marshal, that the commissioner's order was warranted.

In a suit in equity under G. L. c. 147, § 5, to have vacated and declared void an order by the commissioner of public safety merely approving, without a statement of reasons, a decision by the State fire marshal revoking a permit granted by the street commissioners of Boston for the keeping, storage and sale of gasoline in a public garage in the Park Square district, it was *held,* that it could not be said that the commissioner had exceeded the authority of the department of public safety in hearing evidence, not otherwise described in the record, relating to the effect which the erection of a public garage might have upon real estate values and upon the development of the Park Square district, since the size and location of the building, its surroundings and the effect of a garage at that place on other property in the neighborhood might have a material bearing on the question whether, in addition to its other uses as a garage, gasoline should be allowed to be kept and sold therein.

An exercise of arbitrary power granted to the commissioner of public safety and to the State fire marshal by G. L. c. 147, § 5, is therein adequately guarded against by the provisions for review and revision of their acts; and the statute is constitutional.

BILL IN EQUITY, filed in the Superior Court under G. L. c. 147, § 5, on July 14, 1926, against the commissioner of public safety requiring him to appear and show cause why certain "orders, decisions, findings or decrees" by him and by the State fire marshal, described in the opinion, should not be "vacated, annulled and declared void and of no force or effect," and that they be so declared.

On motion, the trustees of the Park Square Realty Trust were admitted as parties defendant.

The defendants demurred. The demurrers were heard by *Hammond,* J., and were overruled. The defendants appealed.

The suit then was heard on its merits by *Bishop,* J. Material facts are stated in the opinion. By order of the judge, a final decree was entered that as a matter of law the commissioner had not exceeded the authority of the department of public safety and that the bill be dismissed. The plaintiffs appealed.

*A. Whiteside,* for the plaintiffs.

*M. F. Weston,* Assistant Attorney General, for the Commonwealth.

*E. R. Anderson,* for Charles Francis Adams and others, trustees.

SANDERSON, J.  The plaintiffs have appealed from a decree of the Superior Court dismissing a bill in equity, brought against the commissioner of the department of public safety by way of appeal from orders made by him. Licenses to the plaintiffs for the erection, maintenance and conduct of a public garage and, on a later date, for the keeping, storage and sale of gasoline therein, were granted by the street commissioners of Boston.  Appeals were taken to the fire marshal and afterwards to the commissioner of public safety.  Their respective orders revoked the licenses for the keeping, storage and sale of gasoline.  The fire marshal made a finding of facts in connection with his order, but the commissioner approved this order without reporting any findings.  The law does not require the reasons on which his action is based to be stated.  The petition was originally brought against the commissioner, but, upon motion, the trustees of the Park Square Real Estate Trust, abutting owners, were made parties defendant.  The defendants demurred to the petition and appealed from the interlocutory decree overruling the demurrers.

The case was heard upon the merits.  The trial judge found, among other things, that both the fire marshal and the commissioner of public safety viewed the locus and surrounding territory and, notwithstanding the objection of the plaintiffs, heard testimony bearing on the congestion of traffic, the effect which the erection of a public garage might have on real estate values and upon the development of the so called Park Square district, and upon other matters, objected to by the plaintiffs, the nature of which does not appear.  They also heard evidence on the question of the increased fire hazard and fire menace, and increased danger from fire or explosion because of the gasoline to be kept in tanks upon the premises and in automobiles which might use the proposed garage.  Some of this evidence tended to show such hazard and menace and some tended to show the contrary.  All parties filed requests for rulings which were passed upon by the court.  The plaintiffs appealed from and excepted to the refusal of the court to give any of their

requests; and to the giving of certain of the defendants' requests.

No bill of exceptions was filed. By agreement the evidence is not made part of the record. The judge's findings of fact are therefore final. See *Knowles* v. *Knowles*, 205 Mass. 290, 292. The jurisdiction of the Superior Court upon appeal is limited to the annulment of the order of the commissioner if found to exceed the authority of the department of public safety. G. L. c. 147, § 5. The fundamental question raised by the appeal to this court from the final decree in the Superior Court is whether, as matter of law, upon the facts found by the judge the order of the commissioner was in excess of that authority.

It was within the general authority of the department for the commissioner to approve an order of the fire marshal revoking a license by the street commissioners for the keeping, storage and sale of gasoline. G. L. c. 148, § 14, as amended by St. 1921, c. 485, § 3, St. 1924, c. 254, and St. 1925, c. 335, § 1. G. L. c. 148, §§ 30, 31, 45. G. L. c. 147, § 5. *Foss* v. *Wexler*, 242 Mass. 277. See also *Marcus* v. *Commissioner of Public Safety*, 255 Mass. 5, 7. Under G. L. c. 148, § 14 as amended, a license for the keeping, storage and sale of gasoline in a building can be granted only after a public hearing, notice of which must be given by registered mail to abutting owners and by publication. The plaintiffs contend that the powers of the marshal and the commissioner on appeal are limited to the question of fire hazard or the increase in danger from fire or explosion; that they had no right to consider evidence as to the effect of a garage upon business or property in the neighborhood or upon congestion of traffic in the streets adjoining; and that inasmuch as it does not appear from the terms of the order of the commissioner that it is based on matters connected with fire prevention the court should have held that he acted in excess of his authority.

The commissioner's order imports a finding of all facts necessary to sustain it which could be found by him from the evidence and from his other sources of information. See *Ayer* v. *Commissioners on Height of Buildings in Boston*, 242

Mass. 30, 35; *Davis* v. *Board of Registration in Medicine,* 251 Mass. 283, 285. Some of the reasons preceding the order of the fire marshal revoking the licenses were such as might properly be considered on the questions of fire prevention and fire hazard. The commissioner, by approving this order in the manner in which it was done, cannot be said to have adopted the whole or any part of the facts found by the marshal. It is impossible to say that the commissioner's order was based upon anything but his own independent conclusions. At the hearing before the commissioner the burden was on the appealing party to prove that the order of the fire marshal should be revoked or amended; and at the hearing in the Superior Court the burden was upon the plaintiffs to show that the commissioner in making his order had exceeded the authority of the department. The evidence heard by the commissioner relating to the increased fire hazard and fire menace and increased danger from fire and explosion would have justified the order made by him and may have been the sole ground for his decision. The evidence concerning congestion in the streets might properly be considered on the same issue.

The only evidence heard by the commissioner which does not so obviously bear on fire prevention or hazard is that relating to the effect which the erection of a public garage might have upon real estate values and upon the development of the Park Square district. It is found that the commissioner heard evidence bearing on this general subject, but nothing further appears to indicate what that evidence was. But if it be assumed that, in approving the order, he considered evidence of the kind to which objection was made, we cannot say he acted in excess of the authority of the department. The size and location of the building, its surroundings and the effect of a garage at that place on other property in the neighborhood might have a material bearing on the question whether in addition to its other uses as a garage, gasoline should be allowed to be kept and sold therein. In considering such matters the commissioner is not undertaking to decide whether the building should be where

the owners have been authorized to erect it, but only whether under all the circumstances gasoline should be allowed to be kept and sold in a building so located. This court, in discussing the validity of an ordinance forbidding the erection or use of a building as a garage, unless such use is previously authorized by the board of aldermen, said: "The disagreeable incidents of a garage are well known. They have been adverted to frequently in recent decisions of this court. See, for example, *Riverbank Improvement Co.* v. *Bancroft,* 209 Mass. 217, 223; *Noyes* v. *Cushing,* 209 Mass. 123, 126, and cases cited. Oil and gasoline, almost inevitably stored and used in them, are so highly inflammable and explosive that they may increase the danger of fire, no matter how carefully the building be constructed nor how non-combustible its materials." *Storer* v. *Downey,* 215 Mass. 273, 274. Even if it be conceded that the plaintiffs are right in their contention that since the decision of that case there have been important changes in the construction of garages and improvement in the quality of gasoline and in the devices for handling it with safety, so that as now constructed and managed their disagreeable incidents have been greatly reduced, we see no reason for questioning the accuracy of the statement quoted.

In *Commonwealth* v. *Packard,* 185 Mass. 64, the defendant was indicted for a nuisance consisting of noxious smells caused by the storage of naphtha. The defendant offered in defence a license under St. 1894, c. 399, which was excluded. This statute forbade the storage of certain petroleum products unless a license had been granted therefor. The court, in deciding that the license should have been admitted, said, at pages 66 and 67: "But if the legislative sanction is given to such acts that otherwise would be deemed a nuisance, they cease to be such when properly exercised within the terms of the license which authorizes and permits them. . . . Though the storage of the quantity disclosed by the evidence might cause noisome smells that became obnoxious to the community if the amount kept and the method of storing were reasonable and proper, and in accordance with the defendant's license,

he is not either civilly·or criminally liable." In considering the power of the licensing body, the court said, at page 67: "It was within the power of the tribunal designated, after having heard all parties interested, to pass upon and determine whether a license should be issued, and it could either grant or refuse the application. No appeal lay from their decision, and the intention of the Legislature is plain, that after giving due consideration to those who might be inconvenienced and annoyed, and also having a proper regard for the general good order and welfare of the community, their judgment to the extent of the authority conferred is to be treated as a final determination of the rights of the parties interested." It appears from this decision that the license to store naphtha if complied with is a defence not only in so far as such storage created a fire hazard but also in so far as it created certain offensive·smells which might otherwise have been found to be a nuisance, and that a broad range of inquiry is open to the licensing tribunal. See *Wright* v. *Lyons*, 224 Mass. 167, 169.

In *Strachan* v. *Beacon Oil Co.* 251 Mass. 479, the plaintiff sought to have the defendant enjoined from maintaining and operating nuisances caused by the emission of noisome and offensive gases and odors and the occurrence of loud and violent explosions and frequent and dangerous fires. The master found that the gases and odors were not injurious to the life and health of normal persons, that the defendant was not committing the other acts of nuisance complained of, and that it had complied with the statutes and the conditions of its license and had made no unlawful use of the premises; that notwithstanding these facts fires had occurred and were still likely to occur, but that there was no danger of fire spreading near to neighboring properties. The license permitted the defendant to use buildings for the keeping, storage, manufacture, transportation, refining and sale of crude and refined petroleum. The court said, at page 487: "It is settled that under statutes similar to those under which the defendant was granted the licenses, if the licensee has complied in all respects with the terms, what he does thereunder cannot be considered a nuisance or be restrained, even if

without such licenses the acts done would be a nuisance." If the license to use a building for the storage and sale of gasoline is a defence to a charge of maintaining a nuisance, there is reason for not limiting the scope of the inquiry of the licensing body to the question of fire hazard.

We are unable to find in the changes in legislation since *Commonwealth* v. *Packard* was decided any clear indication of an intent to deprive those charged with the duty of passing upon applications for licenses of the right to consider such matters as were said to be proper for their consideration in that case, or to make the scope of the inquiry by the fire marshal or the commissioner in the metropolitan district narrower than that of licensing authorities outside. The fact that the provisions relating to licenses for the storage and sale of inflammable fluids are included in the chapter entitled "Fire Prevention" (G. L. c. 148), cannot have been intended to take away any rights which the licensing officials previously had. The statute itself contains no terms which limit their inquiries to issues directly relating to fire hazard. It is expressly provided in the Boston zoning act, St. 1924, c. 488, § 22, that the act shall not interfere with, abrogate, annul or repeal any statute previously enacted, relating to the use of buildings or premises, provided that where the act imposes greater restrictions upon the use of buildings or premises its provisions shall control. The marshal and commissioner had a right to consider not only risk of fire and explosion, but also annoyance and inconvenience to others and the general good order and welfare, and they did not exceed their powers if they gave consideration to the evidence to which objection was made. The conclusion here reached is not inconsistent with the principle stated in *Commonwealth* v. *Kidder*, 107 Mass. 188. See *Sawyer* v. *Davis*, 136 Mass. 239, 245; *Strachan* v. *Beacon Oil Co.* 251 Mass. 479, 488.

As thus construed the statute is not unconstitutional. See *Commonwealth* v. *Packard, supra,* pages 64, 67; *Riverbank Improvement Co.* v. *Bancroft,* 207 Mass. 217, 223; *Storer* v. *Downey, supra; General Baking Co.* v. *Street Commissioners,* 242 Mass. 194, 195. The exercise of arbitrary

power is guarded against by the provisions for review and for revision of the acts of the street commissioners, the fire marshal and the commissioner of public safety. See *Commonwealth* v. *Hyde*, 230 Mass. 6; *Commonwealth* v. *Slocum*, 230 Mass. 180, 192.

In the foregoing discussion of the case the questions argued by the plaintiffs on the requested rulings given and refused have been considered and no reversible error appears.

In view of the conclusions here reached, it is unnecessary to discuss the issues raised by the demurrers.

*Decree affirmed with costs.*