MAURICE HANAUER & others *vs.* STATE FIRE MARSHAL & others.

Suffolk. April 3, 1930. — May 28, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*State Fire Marshal. Gasoline. License. Evidence,* Competency.

At the hearing in the Superior Court of a bill in equity under G. L. c. 147, § 5, as amended by St. 1928, c. 320, in the nature of an appeal from a decision rendered by the State fire marshal in 1929, revoking a permit granted and license issued by the street commissioners of Boston, under delegated authority given by G. L. c. 148, § 31, as amended by St. 1921, c. 485, § 5, to erect a public garage in a certain public square and to keep, store and sell gasoline on such premises, it appeared that the decision of the State fire marshal in substance was as follows: "I find that . . . There are nine streets that enter . . . [the square in question]. On five of them there is a heavy traffic, in consequence of which there is at times much congestion in said square. At or near the . . . junction of . . . three [of the] streets there . . . [are two crossings] and the safety of the pedestrians using either of these crossings is menaced by the swift traffic that makes connection with other streets at this point thus creating one of the most danger- ous conditions from traffic on the streets in the city. After a personal survey of the said site and surroundings, I am satisfied that the exer- cise of this license would increase the danger on the said crossings the pedestrians are now exposed to, would slow up traffic at the connect- ing point of the three streets opposite the said site, increase the chances of collision between motor vehicles, be a detriment to the best interests of the property owners adjacent thereto, and against the welfare of the community." The defendants offered the direct and cross-examination of the chief of the fire department of the city of Boston as his testimony was given at the hearing before the State fire marshal on the question of the revocation of said license. The trial judge excluded this evidence. No other evidence was offered, and on the record the judge ruled that the State fire marshal in re- voking said license did not exceed the authority of his department and reported the case for determination by this court. *Held,* that

(1) The exclusion of the testimony of the chief of the fire depart- ment of Boston was right;

(2) The fact, that the chief of the fire department testified before the State fire marshal on the question of the revocation of the license, and the fact that the State fire marshal made his decision after a "personal survey of the said site and surroundings," were admissible

as bearing upon the question whether he revoked the license after due consideration of the general good order and welfare of the community; or whether he revoked it arbitrarily, capriciously or for insufficient reasons.

(3) The State fire marshal, under the powers conferred upon him as a licensing officer by G. L. c. 148 as it stood in 1929, had a right to revoke the license for the reasons stated in his "decision," above quoted, without regard to the question of fire hazard.

BILL IN EQUITY, filed in the Superior Court on November 20, 1929, under G. L. c. 147, § 5, as amended by St. 1928, c. 320, in the nature of an appeal from the decision of the State fire marshal, rendered on November 5, 1929, and described in the opinion.

The bill was heard by *Cox*, J. Material findings and rulings by the judge are stated in the opinion. He ruled that the bill should be dismissed, and reported the case for determination by this court.

*F. H. Stewart*, (*F. X. Daly* with him,) for the plaintiffs.

*F. P. Garland*, (*L. Wyman* with him,) for the defendants.

PIERCE, J. This is a report, by a justice of the Superior Court, of an appeal to that court from an order of the State fire marshal revoking a license, granted by the board of street commissioners of the city of Boston to the plaintiffs, for the keeping, storage, and sale of gasoline at certain premises in the city of Boston. The appeal is by virtue of the provisions of G. L. c. 147, § 5, as amended by St. 1928, c. 320. The only questions raised on the report are: (1) "whether the State fire marshal, in revoking said license, exceeded the authority of his department"; (2) "whether certain evidence was admissible upon the hearing of the appeal in this court of what was testified to at the hearing before the State fire marshal"; and (3) "if said evidence was admissible, what effect, if any, it has upon the disposition of this appeal."

G. L. c. 148, § 30, as amended by St. 1928, c. 274, and by St. 1929, c. 205, § 1, defines the authority of the State fire marshal to license the sale and storage of gasoline within the metropolitan district. G. L. c. 148, § 31, as amended by St. 1921, c. 485, § 5, reads: "The marshal may delegate the granting and issuing of any licenses or permits author-

ized by sections thirty to fifty-one, inclusive, or the carrying out of any lawful rule, order or regulation of the department, or any inspection required under said sections, to the head of the fire department or to any other designated officer in any city or town in the metropolitan district. Except as otherwise provided, a fee of fifty cents may be charged for any such permit. Any such permit may be revoked by the marshal or by the officer designated to grant it."

On February 8, 1922, the State fire marshal then in office, since deceased, acting under G. L. c. 148, § 31, as amended, delegated the right to license the manufacture, keeping or sale of gasoline to the board of street commissioners of the city of Boston. On August 5, 1929, the plaintiffs filed a petition with the said board of street commissioners for a permit to erect a public garage on the premises numbered 59–65 Scollay Square and 116–120 Sudbury Street in the city of Boston, and for a license to keep, store and sell four thousand gallons of gasoline on those premises. On September 16, 1929, the petition was granted by the board of street commissioners and the granting was duly approved by the public officials of the city of Boston. From the granting of said petition abutting owners of the premises numbered 59–65 Scollay Square and 116–120 Sudbury Street appealed to the then State fire marshal. G. L. c. 148, § 45, gives the State fire marshal appellate jurisdiction over the acts and decisions of the street commissioners and reads as follows: "The marshal shall hear and determine all appeals from the acts and decisions of the heads of fire departments and other persons acting or purporting to act under his authority, done or made or purporting to be done or made under the provisions of sections thirty to fifty-one, inclusive, and shall make all necessary and proper orders thereon. Any person aggrieved by any such action of the head of a fire department or other person may appeal to the marshal." On November 5, 1929, after due hearing, the State fire marshal made findings of fact and revoked the license granted the plaintiffs by the board of street commissioners.

Omitting the caption of the "decision" of said marshal on appeal, and the preliminary description of the nature and extent of the permit granted, the decision reads: "I find that the site for the intended garage and the storage of gasoline therein is on the easterly side of a thoroughfare facing the junction of Cambridge and Sudbury Streets and Scollay Square. There are nine streets that enter Scollay Square. On five of them there is a heavy traffic, in consequence of which there is at times much congestion in said square. At or near the said junction of the three streets there is a crossing on Cambridge Street and one on Sudbury Street and the safety of the pedestrians using either of these crossings is menaced by the swift traffic that makes connection with other streets at this point thus creating one of the most dangerous conditions from traffic on the streets in the city. After a personal survey of the said site and surroundings, I am satisfied that the exercise of this license would increase the danger on the said crossings the pedestrians are now exposed to, would slow up traffic at the connecting point of the three streets opposite the said site, increase the chances of collision between motor vehicles, be a detriment to the best interests of the property owners adjacent thereto, and against the welfare of the community. I, therefore, do hereby revoke the said license granted to Maurice Hanauer, et als, to keep, store, and sell 4000 gallons of gasoline in tank underground and in tanks of cars at 59–65 Scollay Square and 116-120 Sudbury Street, in the city of Boston."

At the hearing in the Superior Court, it was agreed that at the hearing before the State fire marshal there was no stenographer sworn to take any evidence, that no record of the proceedings before the State fire marshal exists except as appears in "Exhibit B" attached to the appeal, and that the State fire marshal has died since said revocation. At the same trial the Attorney General appeared for John Reth, the present State fire marshal, and no question is raised as to this appearance. The defendants offered the direct and cross-examination of the chief of the fire department of the city of Boston as his testimony was given at

the hearing on the question of the revocation of said license before the State fire marshal. The trial judge excluded this evidence. No other evidence was offered, and on the record he ruled that the State fire marshal in revoking said license did not exceed the authority of his department. The exclusion of the testimony was right; but the fact, which was not excluded, that the chief of the fire department testified before the State fire marshal on the question of the revocation of the license, and the fact that the State fire marshal made his decision after a "personal survey of the said site and surroundings," were admissible as bearing upon the question whether he revoked the license after due consideration to the general good order and welfare of the community; or whether he revoked it arbitrarily, capriciously or for insufficient reasons.

The plaintiffs concede that, by virtue of the statutes above referred to, the State fire marshal was empowered to revoke gasoline licenses if he found that their exercise would constitute a fire hazard or would increase an already existing fire hazard or if the exercise of such a license would constitute a nuisance by reason of offensive odors of gasoline, and refer to *St. James Building Corp.* v. *Commissioner of Public Safety*, 260 Mass. 548, *Commonwealth* v. *Packard*, 185 Mass. 64, 66, and *Commonwealth* v. *Kidder*, 107 Mass. 188, 192. But they contend that the Superior Court in its consideration of the case on appeal was confined to the State fire marshal's findings of fact as they appear in his "decision," above quoted, and that the question of law before the Superior Court was whether the conclusion reached in the "decision" was warranted upon the findings of fact found in the "decision" alone. We think this contention of the plaintiffs is overcome by the decision in *St. James Building Corp.* v. *Commissioner of Public Safety*, *supra*, where it is said at page 555: "The fact that the provisions relating to licenses for the storage and sale of inflammable fluids are included in the chapter entitled 'Fire Prevention' (G. L. c. 148), cannot have been intended to take away any rights which the licensing officials previously had. The statute itself contains no terms which limit

their inquiries to issues directly relating to fire hazard." We agree with the contention of the defendants that the State fire marshal, under the broad powers conferred upon him as a licensing officer, had a right to revoke the license for the reasons stated in his "decision," *supra*, without regard to the question of fire hazard.

In accordance with the terms of the report the entry must be

*Appeal dismissed.*