STANDARD OIL COMPANY OF NEW YORK *vs.* COMMISSIONER OF PUBLIC SAFETY.

Suffolk.   November 5, 6, 1930. — January 7, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Equity Jurisdiction,* To, annul order of commissioner of public safety. *Equity Pleading and Practice,* Parties. *State Fire Marshal. Commissioner of Public Safety. Petroleum. Words,* "Person aggrieved."

Under G. L. c. 148, § 31, the State fire marshal delegated to the street commissioners of Boston his power under § 30 to grant licenses and permits for the storing of petroleum products. The street commissioners in 1927 granted a license and permit for the storing of two million fifty-six thousand three hundred twenty gallons of such petroleum products in a vertical steel tank in East Boston. An

owner of property, distant one thousand four hundred twenty-four and five tenths feet from the proposed tank, appealed under G. L. c. 148, § 45, to the fire marshal, who found that the site of the tank was "at the end of a row of several large oil tanks" on its street, opposite a large oil plant of the petitioner; that it "will be about two hundred feet from a row of two and three-family dwelling houses" and "is next to" a large rubber cement plant; that "there is always a fire hazard about any large oil plant, especially so when situated near a large number of dwelling houses, as in this case, and to place another large tank of oil on the side of the street nearest to said houses will . . . increase such fire hazard." The marshal revoked the license. The petitioner appealed to the commissioner of public safety under G. L. c. 147, § 5, who approved the order of the fire marshal and revoked the license. A bill in equity under G. L. c. 147, § 5, was dismissed by the Superior Court, and the petitioner appealed. *Held*, that

(1) It could not be said that as matter of law the owner who had appealed to the fire marshal was not a person aggrieved by the action of the street commissioners;

(2) The fire marshal must have found that such owner was a party aggrieved under the statute and entitled to appeal to him, and such finding was warranted;

(3) On the record, it was proper for the commissioner of public safety to approve the action of the fire marshal in the owner's favor.

BILL IN EQUITY, filed in the Superior Court on February 12, 1930, under G. L. c. 147, § 5, appealing from the decision of the commissioner of public safety described in the opinion.

The bill was heard by *Brown*, J., and was dismissed. The plaintiff appealed.

*H. Parker & F. J. Carney*, (*J. A. Canavan* with them,) for the plaintiff.

*C. F. Lovejoy*, Assistant Attorney General, for the defendant.

CARROLL, J. This is an appeal from a decree of the Superior Court dismissing a bill in equity brought by the plaintiff to annul orders of the commissioner of public safety and the fire marshal. On June 20, 1927, the street commissioners of the city of Boston (to whom authority to grant and issue the license and permit hereinafter referred to had been duly delegated by the fire marshal) granted a license and permit to the plaintiff to store two million fifty-six thousand three hundred twenty gallons of petro-

leum products, exclusive of gasoline and naphtha, in a vertical steel tank in East Boston. Thomas A. Niland, an owner of property in East Boston, distant one thousand four hundred twenty-four and five tenths feet from the proposed tank, appealed to the fire marshal under G. L. c. 148, § 45. On November 17, 1927, the fire marshal issued an order revoking the license. The plaintiff appealed to the commissioner of public safety under G. L. c. 147, § 5, who approved the order of the fire marshal and revoked the license. It was agreed that the property of Niland consists of land and the building thereon; that between this property and the proposed location of the tank several streets and the location of the Boston and Albany Railroad Company intervened.

The fire marshal in the metropolitan district has the power to grant both licenses and permits. G. L. c. 148, § 30. See *Rawding* v. *State Fire Marshal,* 272 Mass. 307, where the authority of the marshal in the metropolitan district and in towns outside the district is discussed and the distinction between a permit and license pointed out. The fire marshal can delegate this power. G. L. c. 148, § 31. By G. L. c. 148, § 45, the marshal shall hear and determine all appeals from acts and decisions of those acting under his authority and make all necessary and proper orders thereon. "Any person aggrieved by any such action of the head of a fire department or other person may appeal to the marshal."

The plaintiff contends that Niland is not a "person aggrieved" within the meaning of the statute. As the fire marshal acted on Niland's appeal and ordered the revocation of the license, his action "imports a finding of all facts necessary to sustain it which could be found by him from the evidence and from his other sources of information." *St. James Building Corp.* v. *Commissioner of Public Safety,* 260 Mass. 548, 551. The fire marshal is presumed to have acted honestly and fairly. See *Davis* v. *Board of Registration in Medicine,* 251 Mass. 283. His order, therefore, revoking the license granted by the street commissioners was proper unless, as matter of law, a tank

capable of holding over two million gallons of petroleum products could not adversely affect property situated at a distance of one thousand four hundred twenty-four and five tenths feet. There is no evidence before us to show that the property would not be adversely affected. The marshal found that the site of the tank is " at the end of a row of several large oil tanks " on Chelsea Street, opposite the large oil plant of the Standard Oil Company. The tank " will be about two hundred (200) feet from a row of two and three-family dwelling houses " and " is next to " a large rubber cement plant; that " there is always a fire hazard about any large oil plant, especially so when situated near a large number of dwelling houses, as in this case, and to place another large tank of oil on the side of the street nearest to said houses will . . . increase such fire hazard." See *Hanauer* v. *State Fire Marshal,* 271 Mass. 506.

It could not be said that as matter of law Niland was not a person aggrieved by the action of the street commissioners. He was the owner of property which, it could be found, was exposed to an additional fire hazard; he was therefore adversely affected and was aggrieved by the action. He could, under the terms of the statute, appeal to the fire marshal. The Niland property did not abut on the site of the proposed tank, but this did not prevent the owner from being aggrieved if his property was exposed to an additional fire hazard. The words " person aggrieved " are to be given a comprehensive meaning. *Godfrey* v. *Building Commissioner of Boston,* 263 Mass. 589, 591. The statute was intended to permit any person whose rights were affected by the action of the street commissioners to appeal from their order and to bring to the attention of the fire marshal any facts showing the danger likely to result if the original license was acted on. See *Ayer* v. *Commissioners on Height of Buildings in Boston,* 242 Mass. 30, 33. There is nothing contrary to what is here decided in *Donham* v. *Public Service Commissioners,* 232 Mass. 309.

The commissioner of public safety had authority to

approve the order of the fire marshal revoking the order granted by the street commissioners. G. L. c. 147, § 5, provides that " Any person affected " by an order of the department " may . . . appeal to the commissioner, who . . . may amend, suspend or revoke such order," and " Any person aggrieved by an order approved by the commissioner may appeal to the superior court." It is settled that under this statute the commissioner is authorized to approve an order of the fire marshal revoking a license for the storing of petroleum products. *St. James Building Corp.* v. *Commissioner of Public Safety, supra.* See *Marcus* v. *Commissioner of Public Safety,* 255 Mass. 5, 7. The fact that notice is to be given by mail to all abutting owners of the time and place of hearing of an application for the storage of petroleum does not show that Niland was not a person aggrieved by the action of the street commissioners. Notice by publication is also required by the statute. G. L. c. 148, § 14. St. 1925, c. 335. The authority of the street commissioners was a delegated authority and the statute gave the fire marshal authority to revoke it. G. L. c. 148, § 45.

We have considered all matters argued by the plaintiff. We find no error in the proceedings. Niland, being a person aggrieved, could appeal to the fire marshal who had full authority to revoke the license, and this action could be approved by the commissioner of public safety.

*Decree affirmed.*