HATTIE A. L. BARNARD & others *vs.* METROPOLITAN ICE COMPANY.

Middlesex.    November 10, 1931. — March 15, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*License,* Validity. *Petroleum. Notice. State Fire Marshal. Municipal Corporations,* Officers and agents. *Corporation,* Officers and agents. *Agency,* Scope of authority, Existence of relation. *Words,* "Person aggrieved."

An applicant for a license to store inflammable fluids under G. L. c. 148, § 14, in the amended form appearing in St. 1928, c. 325, § 1, may act through an agent in sending notices by registered mail to abutting owners as required by the statute; and there is nothing improper in his selecting the clerk of the city in question as his agent for such purpose.

It is within the powers of the general manager of a corporation, which is an applicant for a license to store inflammable fluids under G. L. c. 148, § 14, in the amended form appearing in St. 1928, c. 325, § 1, to appoint an agent for the corporation to send notices by registered mail to abutting owners as required by the statute.

In the circumstances, there was sufficient compliance with the requirements of G. L. c. 148, § 14, in the amended form appearing in St. 1928, c. 325, § 1, as to notice, so far as a certain abutting owner was concerned, where a notice by registered mail was sent to him at his last address appearing in a book of the assessors of the city in question, which was the source of information usually resorted to in such cases, although the addressee actually did not receive the notice because he previously had moved from that address and did not notify the mail carrier of his forwarding address until after the hearing.

A representative in the General Court, a resident in the vicinity of a parcel of land but not the owner of abutting land, was not a person aggrieved by the granting to the owner of such parcel of a license to store inflammable fluids pursuant to G. L. c. 148, § 14, in the amended form appearing in St. 1928, c. 325, § 1; § 31, as amended by St. 1921, c. 485, § 5, and was not entitled to appeal to the State fire marshal under § 45.

Where such appeal did not purport to be taken in behalf of any one other than the person signing it and no other claim of appeal was made, there was no valid appeal although owners of land abutting on the parcel in question knew of and consented to such appeal; and the granting of the license was left unaffected and valid.

It appearing that no fire hazard, loss or nuisance would result from the storage of inflammable fluids as so licensed, abutting owners could not maintain a suit in equity to enjoin the owner of the parcel from storing the fluids.

BILL IN EQUITY, filed in the Superior Court on March 23, 1931, described in the opinion.

The suit was referred to a master. Material findings by him are stated in the opinion. By order of *Broadhurst*, J., there were entered an interlocutory decree confirming the master's report and a final decree in the plaintiffs' favor. The defendant appealed from the final decree.

The case was argued at the bar in November, 1931, before *Rugg*, C.J., *Pierce*, *Wait*, *Sanderson*, & *Field*, JJ., and afterwards was submitted on briefs to all the then Justices.

*J. E. Hannigan*, (*A. M. McDonough* with him,) for the defendant.

*A. D. Healey*, for the plaintiffs.

WAIT, J. The defendant on January 18, 1930, filed a petition to the board of aldermen of the city of Somerville

for a license to erect and use five tanks for the storage of fuel oil upon its real estate in Somerville. The city clerk published notice for a public hearing thereon to be held on February 13, 1930; and, acting under a written appointment by the defendant to him to act as its agent legally to notify owners of abutting property, mailed registered letters to all abutting owners notifying them of such hearing. The hearing was had; and, thereafter, the board of aldermen gave to the defendant leave to withdraw. Reconsideration of this vote was had, and on May 8, 1930, the license was granted. On or about May 9 the city clerk issued a permit. On May 13 an appeal was taken to the State fire marshal, who gave notice of a hearing for June 3. At this hearing, after taking evidence on compliance with the statutes in regard to notification of abutting owners, the marshal ruled that the hearing was invalid for lack of proper notice and that there was no license. On June 4 he notified the board of aldermen, the defendant and abutting owners of his decision. The defendant went forward in the erection of the tanks intending to use them on completion. The plaintiffs, owners of abutting property, brought this bill in equity praying that the permit issued by the city clerk be declared null and void; that the defendant be enjoined from filling its tanks with fuel oil; for temporary restraining orders and for further relief. The bill alleged, in addition to the substance of the foregoing, that no notice of the time and place of the public hearing had been given to Hattie A. L. Barnard, one of the plaintiffs and an owner of property abutting the defendant's premises; that she had had no opportunity to object; that had she known or been notified of the meeting she would have been present and would have objected. It alleged, further, that the storage proposed would constitute a nuisance, depreciate her property, be a source of noise, confusion and offensive odors, increase her fire risk and be a fire hazard and a nuisance to public safety.

After the confirmation of the report of a master, a final decree was entered adjudging the license to be null and void, ordering the removal of the oil then stored in the tanks and

enjoining the storing of crude oil in them. The defendant appeals from the final decree.

Somerville is within the metropolitan fire prevention district. G. L. c. 148, § 28. St. 1928, c. 325, § 1, the statute relating to fire prevention in force during the portion of 1930 here material, prohibits the use of a building for the storage desired by the defendant, unless a license therefor be granted by the fire marshal or by some one designated by him for the purpose. G. L. c. 148, § 30, as amended by St. 1929, c. 205, § 1. G. L. c. 148, § 31, as amended by St. 1921, c. 485, § 5. No valid license can issue except after a public hearing on a prescribed notice. This must be notice by publication "at the expense of the applicant, by the clerk of the city . . . and also by the applicant by registered mail . . . to all owners of real estate abutting on" the land in question. It is contended that these requirements were not met. No question is raised with regard to the notice by publication. It is argued, however, that the notice by registered mail was not properly given, in that the city clerk could not legally be made the agent for this purpose, was not duly authorized to act, and, in fact, did not give the statutory notice to Miss Barnard. This position cannot be maintained. We find nothing which prevents the applicant from acting through an agent. A corporation must so act in mailing notices. Nor do we see any impropriety in the conduct of a city clerk in acting for an applicant in this purely ministerial matter. In giving the notice by publication he is performing a public duty prescribed by the statute, but there is no incompatibility with that duty in his mailing notices also, in a private capacity as agent for an applicant. The statute does not disqualify him. The applicant may select his agent, and remains responsible for the action taken by the agent. No special authority by vote of the corporation was needed to validate the action of its general manager in making the city clerk its agent to notify abutting owners. In our opinion this was well within his duty in the general management of its affairs. See *Knight* v. *Whitmore Manuf. Co.* 248 Mass. 531.

The statute does not require as a condition of a valid

hearing that every abutter shall receive notice of the hearing. It requires that notice be given by registered mail to each abutting owner; but it does not prescribe the address of the owner to which the notice shall be sent, as, for instance, is done in G. L. c. 60, § 3, which requires that tax notices "shall, if possible, be directed to the street and number of his residence." A letter, duly registered, was mailed to Miss Barnard, addressed to her at "305 Washington Street," a proper number of days before the date set for the hearing. This was the address of Miss Barnard then borne on the valuation book of the assessors, the source of information usually resorted to in such cases and from which all the addresses of the notices sent the other abutting owners were taken. In fact Miss Barnard had resided and received her mail there until she removed January 17, 1929. She did not notify the mail carrier of her changed address until March 17, 1930. The carrier received this letter for delivery on February 5, 1930, and went with it to 305 Washington Street; but, as no one responded to his ring at the door, he made and left a card stating there was a registered letter for her at the post office which she should call for. As no one called at the office, a second notice was sent and left in the same way. Thereafter, as still no one called, the letter was returned to the city clerk, who receipted for it and placed it with the returned receipts of the other abutting owners. There were curtains left in the windows of 305 Washington Street. It appeared to be occupied. We think there was sufficient compliance with the statute. A different situation would be presented had the agent or principal acted in bad faith or failed to follow the usual practice in obtaining the address. The hearing was not invalid.

The evidence was presented and the case has been argued as if the fire marshal, pursuant to G. L. c. 148, § 31, as amended by St. 1921, c. 485, § 5, had authorized the board of aldermen to issue licenses and permits. Although it is not stated in the report, we assume such an appointment had been made. In such circumstances G. L. c. 148, § 45, gives to a person aggrieved by the action taken thereunder an appeal to the marshal. An appeal was filed by one

Hagen, the representative of the district in which the land is located to the General Court. He was not owner of an abutting estate, but resided in the vicinity. Evidence that he was authorized to act and was acting for abutting owners was excluded; but testimony was received that he filed the appeal with their knowledge and consent. The master, so far as he might, found, and the judge ruled, that Hagen was not an aggrieved person within the meaning of this statute. In this there was no error. Although the words are to be construed comprehensively, *Standard Oil Co. of New York* v. *Commissioner of Public Safety*, 274 Mass. 155, 158, we think they do not include one who is not an owner of abutting real estate with property rights affected by the order. An appeal in such a proceeding is matter of record with a tribunal exercising quasi-judicial functions which affect important property interests. The paper filed read as follows: "I hereby appeal from the said decision of the Board of Aldermen of the City of Somerville . . . Rep. James E. Hagen, Somerville, 351 Washington St." In no way does it purport action on behalf of any one but the signer. Parol evidence that it was filed on behalf of others was properly excluded. Grave abuses might arise in practice, if a different ruling could be made. No other claim of appeal appears. The marshal proceeded as if it were enough that owners of abutting estates knew of and consented to Hagen's appeal. In this there was error. There was no valid appeal from the decision of the board of aldermen. An appeal by an aggrieved person was essential to the jurisdiction of the marshal. His decision, erroneous with regard to the validity of the notice, was, moreover, *coram non judice*. It is a nullity. The license and permit were not affected by it.

The master found that no fire hazard, loss or nuisance would result from the storage of fuel oil as the building was placed and constructed. It follows that, the license being valid and no nuisance existing, the bill cannot be maintained. Our order must be

*Decree reversed,*