N. V. HANDEL INDUSTRIE TRANSPORT MAATSCHAPPIJ *vs.*
STATE FIRE MARSHAL.

Suffolk. February 7, 1940. — March 26, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Petroleum. License. State Fire Marshal.*

On certiorari to review proceedings by the State fire marshal on an appeal under G. L. (Ter. Ed.) c. 148, § 13, as appearing in St. 1936, c. 394, § 1, from the granting of a license for the keeping, storage and sale of petroleum products, a return by the respondent setting forth his determination that the exercise of the license would result in a fire or explosion hazard and his revocation of the license imported a finding that the appellant was a "person aggrieved," and in the absence of anything in the return to show error in such finding, the return sufficiently showed the respondent's jurisdiction to act.

A finding by the State fire marshal that one appealing under G. L. (Ter. Ed.) c. 148, § 13, as appearing in St. 1936, c. 394, § 1, from the granting of a license for the keeping, storage and sale of petroleum products was a "person aggrieved" was not erroneous merely because the appellant was the owner of land not nearer the licensee's land than six hundred twenty-five feet.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on August 16, 1939.

After a hearing by *Ronan,* J., the petition was dismissed. The petitioner alleged exceptions.

The case was submitted on briefs.

*K. D. Johnson* & *J. D. Goodman,* for the petitioner.

*P. A. Dever,* Attorney General, & *R. Clapp,* Assistant Attorney General, for the respondent.

*C. W. Crooker,* by leave of court, submitted a brief as *amicus curiae.*

Cox, J. The petitioner was granted a license, which was issued May 10, 1939, by the board of aldermen of Chelsea, for the keeping, storage and sale of certain products of petroleum in above the ground steel tanks of an aggregate capacity of one million seven hundred fifty thousand barrels. G. L. (Ter. Ed.) c. 148, §§ 1, 13, in the form appearing in St. 1936, c. 394, and as amended by St. 1938, c. 99. Certain landowners, none of whose property abutted on land of the petitioner where the license was to be exercised, appealed to the respondent fire marshal, who found that a fire or explosion hazard would result from the exercise of the license and so notified the board of aldermen. This amounted to a revocation of the license. G. L. (Ter. Ed.) c. 148, § 13 as appearing in St. 1936, c. 394, § 1. St. 1938, c. 99.

This is a petition for a writ of certiorari to quash the revocation, and it was heard upon the petition, return, answer and agreement of facts by a single justice of this court, who dismissed it. The premises of the nearest appealing landowner are some six hundred twenty-five feet distant from the petitioner's land to which the license applied. The only questions presented are (1) whether any of the appealing landowners is a "person aggrieved" within the meaning of the statute in question, and (2) whether the return sufficiently sets forth the ground upon which the respondent entertained jurisdiction of the case.

Both questions are settled by *Standard Oil Co. of New York* v. *Commissioner of Public Safety*, 274 Mass. 155. It was there said, at page 157, that the action of the fire marshal, in similar circumstances, "imports a finding of all facts necessary to sustain it which could be found by him from the evidence and from his other sources of information." There is nothing before us to show, as matter of law, that the exercise of the rights under the license could not adversely affect property situated at a distance of six hundred twenty-five feet. It was not necessary in order to constitute the appealing landowners persons aggrieved that their property should abut upon the petitioner's premises. As was said in the case cited, at page 158: "The . . . [appellant's] property did not abut on the site of the

proposed tank, but this did not prevent the owner from being aggrieved if his property was exposed to an additional fire hazard.  The words 'person aggrieved' are to be given a comprehensive meaning.''

The petitioner contends, however, that what was said in the *Standard Oil Co.* case as to what may constitute a person aggrieved, has been shaken by the decision in *Barnard* v. *Metropolitan Ice Co.* 278 Mass. 441, where, in discussing the question of the status of an appellant who was not an abutting owner, but who lived in the vicinity, the court said, at page 446: "The master, so far as he might, found, and the judge ruled, that . . . [the appellant] was not an aggrieved person within the meaning of this statute.  In this there was no error.  Although the words are to be construed comprehensively, *Standard Oil Co. of New York* v. *Commissioner of Public Safety*, 274 Mass. 155, 158, we think they do not include one who is not an owner of abutting real estate with property rights affected by the order.  An appeal in such a proceeding is matter of record with a tribunal exercising quasi-judicial functions which affect important property interests."  An examination of the original papers in the *Barnard* case discloses that one Hagen, who was the only appellant before the fire marshal, lived approximately two hundred feet away from the premises of the respondent, but that he did not own the property on which he lived, or, so far as appears, any real estate.  In other words, there was no appeal by any property owner, and the *Barnard* case must be taken as deciding that for this reason Hagen was not an aggrieved person within the meaning of the statute, and that, therefore, there was no valid appeal before the fire marshal.

The appeal to the fire marshal presented a direct question of fire or explosion hazard, G. L. (Ter. Ed.) c. 148, § 31, and his return is conclusive against the petitioner upon this question.  *Leach* v. *State Fire Marshal*, 278 Mass. 159, 165–166, and cases cited.  *Selectmen of Saugus* v. *Mathey, ante*, 184.

*Exceptions overruled.*