THOMAS F. HANLEY & another *vs.* FRANK L. COOK
& others.

Suffolk.　December 12, 1922. — June 6, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Garage. Permit. License.*

A permit for the erection of a garage in the city of Boston, granted under
St. 1913, c. 577, as amended by St. 1917, c. 119, is not assignable before
rights under it are exercised.
*It seems,* that rights under such a permit must be exercised within a reasonable
time.

BILL IN EQUITY, filed in the Superior Court on June 21,
1922, and afterwards amended, to have declared void a per-
mit issued by the board of street commissioners of the city
of Boston for the erection of two private garages on land
adjoining land of the plaintiffs and to enjoin the erection
of the garages.

In the Superior Court, the suit was referred to a master.
Material facts found by the master are described in the
opinion. The suit was heard on the pleadings and the
master's report by *Wait,* J., who ruled " that the present
owner cannot build in reliance upon a permit granted to a
former owner who did not himself act thereunder other
than to assign the permit;" and by his order a final decree
was entered declaring the permit issued to the defendant
Cook and by him attempted to be assigned to the defendant
Hoar to be null and void in the hands of Hoar and enjoining
the defendants from occupying or renting any garage upon
the premises as a public garage, or as a private garage for
more than four automobiles, until further order of the court.
The defendants appealed.

*T. P. O'Connor,* for the defendants.

*J. J. Irwin,* for the plaintiffs, submitted the case without
argument or brief.

PIERCE, J.　Under St. 1913, c. 577, as amended by St.
1914, c. 119, after due notice and hearing, the defendant

Cook on October 27, 1914, was granted a permit by the board of street commissioners of the city of Boston for the " erection and maintenance of an eight (8) car individual garage and a gasoline station " on the premises numbered 1508–10 Columbia Road. From October 27, 1914, until sometime in April or May 1922, the defendant Cook took no steps whatever to build the garage under the permit. Sometime in April or May, 1922, he procured from the defendant Cundari a plan of two proposed garages. This plan he submitted to the board of street commissioners and received its approval thereof, indorsed on the plan in these words: " This plan approved by Board May 25, 1922, for garages under permit granted October 27, 1914."

On May 29, 1922, Cook sold the property at numbers 1508–10 Columbia Road to the defendant Hoar, and transferred to him by assignment " a permit issued by the City of Boston for the erection and maintenance of an eight (8) car individual garage and a gasoline station on the above described property." Hoar now holds the legal title to this property as trustee for the defendant " Columbus Associates," a voluntary association. The defendant Cundari placed a shanty on the premises on either June 7 or 8, 1922.

This bill was filed on June 21, 1922, by Thomas F. Hanley and Richard Walsh. Hanley and the wife of Walsh, in 1914, when the permit was granted to Cook, were, as they are now, owners of land abutting on the premises at numbers 1508–10 Columbia Road. Notice of the public hearing required to be given by Sts. 1913 and 1914, *supra,* was duly served upon them; and the owner Walsh was present at the hearing and objected to the granting of the permit. The record does not disclose any change in the character of the neighborhood between the time of the issuance of the permit and the filing of the bill. Nor does it disclose an unsuccessful application to the board of street commissioners to revoke the permit, assuming, without decision, that the granting board has an inherent power so to do after notice and hearing for a good legal reason. *General Baking Co.* v. *Street Commissioners,* 242 Mass. 194. See *Lowell* v. *Archambault,* 189 Mass. 70.

A permit to erect a garage under St. 1913, c. 577, as amended by St. 1914, c. 119, in its nature partakes of a personal privilege and grant which attaches to the land.  The right in so far as it is a personal privilege is not assignable and it must be exercised by its possessor within a reasonable time after its issuance.  Considered as a grant it attaches to the land when exercised, runs with the land and passes as an incident upon a conveyance of the land.  *Quinn* v. *Middlesex Electric Light Co.* 140 Mass. 109.  *Foss* v. *Wexler*, 242 Mass. 277.  In the case at bar the assignment of the permit was ineffectual to transfer to the grantee of the estate the right granted to Cook, because the bare right was non-assignable; and the conveyance of the estate did not transfer the right in Cook, because that right through its exercise had not attached to and become an incident of the land conveyed. It is unnecessary to determine whether in the unusual circumstances shown by the record the non-use of the permit by Cook for about seven years worked a forfeiture of all right in Cook to exercise the permit granted to him in 1914 by the board of street commissioners.

*Decree affirmed.*