ISAAC SIMON *vs.* ISIDOR MEYER.

Suffolk.    June 30, 1927. — October 21, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Broker*, Commission. *License.*

One, who owned certain land in Somerville and held a permit from the municipal authorities to erect and maintain a public garage thereon, requested a real estate broker to procure a purchaser for the premises with the permit "going with the land" for $1 a foot, and promised him a certain commission if he succeeded. The broker procured a customer with whom the owner made an agreement to sell the land "With a permit for the construction of the garage at the time of passing papers." The agreement contained a statement that the broker was to receive a certain commission "to be paid by" the owner. In an action by the broker against the owner for a commission, there was evidence that the customer was ready, able and willing to buy at the price named with a valid assignment of the permit; that the parties negotiated on the basis that the permit held by the defendant was legally required and authorized; that the defendant did not obtain an assignment of his permit, nor did he procure a new permit for the customer, and that the customer refused to accept title without the permit. There was no evidence of any ordinance of the city requiring a permit. *Held*, that the defendant's failure to tender or procure the issuance of a transfer

of the permit to the customer did not deprive the plaintiff of his right to receive the commission to which he was entitled by reason of his contract.

At the trial of the action above described, the defendant's evidence was that he neither made nor attempted to make a transfer of the permit, although he had bound himself to the performance of this material condition of the terms of sale. The judge, subject to exception by the defendant, charged the jury that the defendant "could not as a matter of law transfer this permit to build a garage, and could not therefore give to" the purchaser exactly what he "bargained for." *Held*, that the exception must be overruled.

A permit from municipal authorities to erect and maintain a public garage is a grant of a personal privilege, an assignment of which, unless sanctioned by those authorities, passes nothing to the assignee.

CONTRACT for a commission alleged to have been earned by the plaintiff as a real estate broker. Writ dated September 11, 1925.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence is stated in the opinion. At the trial no contention was made by the defendant, that the permit referred to in the oral conversations and the written instrument between the defendant and Finn was one not authorized nor required by law, until after the evidence was concluded, and then it was made only by a request for rulings.

The defendant asked, among others, for the following rulings:

"5. Upon all the evidence, so much of any agreement between Meyer and Finn as required Meyer to have a permit for the construction of a public garage on the land, was an empty agreement as it contemplated something the statutes did not require or give."

"7. Upon all the evidence, Finn was not ready to pass papers to the extent to which he was only entitled."

"13. If Meyer agreed to sell Finn certain land 'with a permit for the construction of the garage,' Meyer was under no obligation to deliver to Finn either a permit in Finn's name or a transferable permit in Meyer's name."

"14. If Meyer ignorantly made any promise which was legally incapable of fulfillment or for any empty form, that part of his promises is to be disregarded, so far as this case is concerned."

"17. Upon all the evidence, Meyer did not agree to have a license to keep, store or sell gasoline in a building to be erected in the future by Finn."

The judge in his charge gave, among others, the following instructions:

"There is no doubt that Finn was Simon's customer. That point is not raised. There seems to be no doubt about the terms upon which the defendant Meyer was willing to sell. There seems to be no doubt that Finn agreed to those terms orally. The writing may not express all the terms, but there is no testimony as I remember it, that there was any disagreement among the parties when they got together as to the terms. Finn accepted the terms. But in order to earn a commission for the plaintiff, if the offer was what I have said, simply to pay for finding a customer ready and able and willing to buy on the owner's terms, it is not sufficient that the customer in words accepts the terms. He must be really willing, and he must remain willing, to buy on those terms until the time for passing papers has expired. If the customer changes his mind in the meantime and goes back on those terms when he is not subject to a binding written contract of sale, as he was not here (because this contract, this memorandum, was not sufficient under the law to make a binding written contract of the sale of the land) — if he changes his mind and backs out prior to the time of passing papers, then the broker has not done his job. And the customer must be able. The broker does not earn his commission merely by producing a man who says he will buy, who would buy if he could, if he is not able to buy. He must be able to buy on the owner's terms. That does not mean that he must have the money in his pocket. People do not carry thousands of dollars in their pockets as a rule. It is not necessary that he have money in the bank in his own name. He may be able even though he has to borrow the money, but he must have such resources, such borrowing capacity if he needs to borrow, such ability of one sort or another that as a practical business matter he can put the transaction through. Otherwise he is not able, and if he is not able to buy on the owner's terms, then the broker has

not done the thing for which the commission was payable. And he must be ready. Not only willing and able, but ready, ready again in the business sense, not ready on the drop of the hat, but ready within such time as the parties stipulate, or within a reasonable time, for the putting through of such a transaction. If the broker does in fact produce a customer able, ready and willing to buy on the owner's terms, and the commission under the terms of the owner's offer was payable upon the production of such a customer, then the broker earns his commission, even though the owner finds it impossible to give title according to the terms that he proposed.

"There is some dispute here as to why the title never was passed. It is suggested on the one hand that Meyer could not transfer this permit as a matter of law, this permit to build the garage, and I instruct you that he could not as a matter of law transfer this permit to build a garage, and could not therefore give to Finn exactly what Finn bargained for. If the arrangement was that Simon was entitled to a commission upon producing a customer able, ready and willing to buy on the owner's terms, and did so, but the transaction could not be carried out because the owner's terms could not be carried out, because the customer could not get what he bargained for, then that is none of Simon's affair, and there is no reason why Simon should not get his commission; but if, on the other hand, the real reason why the transaction did not go through to a conclusion was because Finn was not a customer ready and able and willing to buy on the owner's terms, then of course Simon has not produced such a customer as would entitle him to a commission."

The defendant duly excepted to so much of said charge as instructed the jury that defendant was not able to transfer the permit or strictly perform his agreement.

The jury found for the plaintiff in the sum of $1,314. The defendant alleged exceptions.

The case was submitted on briefs.

*C. J. Miller*, for the defendant.

*E. M. Dangel & L. E. Sherry*, for the plaintiff.

BRALEY, J.   The defendant, the owner of certain land in
the city of Somerville, holding a permit from the municipal
authorities to erect and maintain a public garage thereon,
informed the plaintiff that he desired to sell the premises
with the permit "going with the land" for $1 a foot, and
requested him to procure a customer.   If successful, the
plaintiff was to receive a commission of $1,250.   The plaintiff
found and introduced one Finn to the defendant as a cus-
tomer, and they made an agreement which, after giving the
boundaries and location of the land "With a permit for the
construction of the garage at the time of passing papers,"
concluded in these words, "Mr. Simon of Brookline [the
plaintiff] to receive One Thousand Two Hundred Fifty
Dollars . . . to be paid by Isidor Meyer."   There was
evidence which would warrant the jury in finding that Finn
was ready, able and willing to buy at the price named with
a valid assignment of the permit, and that the defendant
accepted from Finn partial payments of the purchase price.
While there was no evidence of any ordinance of the city
requiring a permit, the record states the parties negotiated
on the basis that the permit held by the defendant was
legally required and authorized, and that it was not assign-
able without the consent of the licensing authorities, which
the defendant did not obtain.   It also appeared in evidence
that the defendant told Finn when the bargain was struck
he had a permit, and "'guaranteed' Finn 'for a permit' in
his (Finn's) name and had it 'all fixed up in City Hall,'" and
it was undisputed that no official permission for a transfer
was given.   The defendant's failure, however, to tender or
procure the issuance of a transfer to Finn did not deprive the
plaintiff of his right to receive the stipulated compensation
to which he was entitled by reason of the performance of his
contract.   *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 479.   *Field*
v. *Hamm,* 254 Mass. 268, 270.   The case was properly sub-
mitted to the jury, and the defendant's requests in so far
as argued were rightly denied.   *Altman* v. *Goodman,* 255
Mass. 41.

The defendant also excepted "to so much of said charge as
instructed the jury that defendant was not able to transfer

the permit or strictly perform his agreement." The short answer to this contention is, that as matter of fact on his own evidence the defendant neither made nor attempted to make a transfer, although he had bound himself to the performance of this material condition of the terms of sale. The permit or license was moreover the grant of a personal privilege, even if it was connected with the premises, an assignment of which, unless sanctioned by the proper authorities, would pass nothing to the assignee. *Commonwealth* v. *Lavery*, 188 Mass. 13, 14. *Hanley* v. *Cook*, 245 Mass. 563, 565.

*Exceptions overruled.*