ANNE WEISS *vs.* MAYOR AND CITY COUNCIL OF WOBURN.

Middlesex.    January 10, 1928. — March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*License. Burial. Assignment. Municipal Corporations,* Permit for burial.

A permit to use land for burial purposes, granted by the mayor and board of aldermen of a city in 1897 under Pub. Sts. c. 82, § 18, was a personal privilege, not a contract or property or an easement or a lease or a grant, and it could not be transferred or assigned, or extended, by the one to whom it was given, to his heirs and assigns.

One who, by mesne conveyance, succeeded to the title to the land of the one to whom such permit was given and was given by the licensee what purported to be an assignment of rights under the permit, could not enforce rights under the permit by a bill in equity, especially where it appeared that the original licensee never availed himself of the permit in any way before he conveyed the land and purported to assign rights under the permit.

BILL IN EQUITY, filed in the Superior Court on January 29, 1918, praying that it be decreed that a permit granted by the defendants on December 16, 1897, to one Duren, as stated in the opinion, was valid and in force, and that it was a contract, the obligation of which could not be impaired by the city council of the city of Woburn, and that it was a license coupled with an interest in land irrevocable by the city council; that a vote of the city council attempting to revoke the permit be decreed to be void and to be a cloud upon the right and title of the plaintiff and her heirs and assigns to use the land for burial purposes, and that it be decreed that the cloud be removed from the records of the city council; that the defendants be enjoined from interfering with the use by the plaintiff, her heirs and assigns and their agents and servants, of the land for burial purposes, and from bringing or threatening to bring any criminal proceedings by reason of any such use.

The suit was referred to a master. Material facts found by the master are stated in the opinion.

The suit was heard upon the pleadings and the master's report, to which there were no objections nor exceptions, by *McLaughlin*, J., by whose order there was entered an interlocutory decree confirming the report, and who ordered a decree dismissing the bill and reported the suit to this court for determination.

*E. Greenhood*, for the plaintiff.

*T. H. Mahony*, for the defendants.

BRALEY, J. It appears from the master's report to which no exceptions were taken and whose findings of fact are accepted by the parties, that Samuel R. Duren was the owner in fee simple of a tract of thirty-five and three quarters acres of unimproved land situated in the city of Woburn about two miles from the center. It was located on an abandoned country road. It contained small ledges and rocks, and was covered largely with a growth of small trees and bushes. Duren on October 30, 1897, filed with the mayor and board of aldermen of the city a petition describing the land, and asking that a permit be granted to him, his heirs and assigns, to appropriate and use the land for the purposes of burial in accordance "with the statute made and provided." The Pub. Sts. c. 82, § 18, then in force provided, "Except in case of the erection of a tomb on private land for the exclusive use of the family of the owner, no land shall be used for the purpose of burial unless by permission of the town or of the mayor and aldermen of the city in which the same is situated." A license or permit was granted December 11, 1897. But Duren without taking any measures towards preparing the ground for a burial place, conveyed the fee on February 5, 1898, "together with all rights under and to the burial permit to Edward P. Johnson," who on February 7, 1898, conveyed to the plaintiff, then Anne Block, the fee "together with all rights under and to the burial permit." The master states that these deeds, which were recorded, formed parts of a single transaction designed by the plaintiff to enable her to use or dispose of the property "solely for burial and cemetery purposes." The consideration consisted partly of cash, with a mortgage to Duren on the property to secure the balance. The plaintiff is "and has been the record owner

of the ⁙ . . . property from February 7, 1898 . . . except for a period from September, 1907, when the title was lost to her by reason of foreclosure, and thereafter held by various persons . . . up to January 22, 1918." Relying on the permit, the plaintiff began about three years after the purchase to cut down trees and bushes on the entire tract, and on eight acres thereof excavated and removed rocks and filled the depressions for the purpose of specially preparing the soil for use as a cemetery. This work having been completed, certain ceremonies were held on the land in accordance with orthodox Jewish religious customs for the dedication and consecration of the land as a Jewish burial ground. The only interment, however, during her entire period of ownership was the interment of the body of a very young child in 1903 or 1904. The plaintiff October 30, 1917, entered into a written agreement with the Independent Hebrew Association of Malden to sell about two acres of the eight acres with the provision that the land was to be used for burial purposes, and part of the price was paid by the purchaser. But the city council of Woburn without notice to the plaintiff passed on November 15, 1917, an order, which was approved by the mayor, purporting to rescind the vote of December 16, 1897, granting the permit, and "that all rights to use said lands for burial purposes in pursuance of said vote are hereby revoked and terminated." The negotiations thereupon were suspended by agreement, and on January 29, 1918, the plaintiff brought the present suit asking that the permit be declared valid and in force, and that the respondents be enjoined from interfering with the use by the plaintiff, her heirs and assigns, of the land for burial purposes. The trial judge held and ruled that the suit could not be maintained and reported the case to this court.

We are of opinion that the ruling was right. By §§ 2, 3 of St. 1855, c. 257, concerning burials and burial grounds, "No land other than that now used or appropriated in any city [or town] in this Commonwealth for the purpose of a burial ground shall be used by any person or persons for the burial of the dead unless permission is granted by the mayor and aldermen of such city," or by the town. The Gen. Sts.

c. 28, § 5, reads, "Except in the case of the erection or use of a tomb on private land for the exclusive use of the family of the owner, no land, other than that already so used or appropriated, shall be used for the purpose of burial, unless by permission of the town or of the mayor and aldermen of the city in which the same is situated." See R. L. c. 78, § 30. G. L. c. 114, § 34. The same provisions are found in Pub. Sts. c. 82, § 18, previously quoted. The constitutionality of this legislation is settled. *Woodlawn Cemetery* v. *Everett*, 118 Mass. 354, 363. *Wyeth* v. *Cambridge*, 200 Mass. 474. The permit, which could be granted only under the statute, was a special privilege not enjoyed by citizens generally. The plaintiff cannot lawfully develop her land for burial purposes except upon compliance with statutory law. It is her contention that she is clothed with, and may exercise all the rights granted to Duren. But the license to Duren was a personal privilege. It was not a contract or property or an easement or a lease or a grant. *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95, 100. It could not be transferred or assigned, or extended to his heirs and assigns. *Ruggles* v. *Lesure*, 24 Pick. 187, 190. *Hanley* v. *Cook*, 245 Mass. 563, 565. *Emerson* v. *Fisk*, 6 Greenl. 200. *Mumford* v. *Whitney*, 15 Wend. 380. *Prince* v. *Case*, 10 Conn. 375. *DeHaro* v. *United States*, 5 Wall. 599. If, as the plaintiff generally urges, the license is also to be considered as impersonal and in the nature of a grant which ran with the land, it never attached, because the land had not in any way been prepared for use by Duren under the license. *Hanley* v. *Cook, supra.* The conveyance therefore while sufficient to pass title in the soil, did not transfer the license.

The plaintiff having failed to establish any right to relief, a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*