FRANKLIN A. LEACH & others *vs.* STATE FIRE MARSHAL & others.

Suffolk.    January 6, 7, 1932. — January 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*State Fire Marshal. License. Petroleum Products. Evidence,* Competency. *Statute,* Construction.

The State fire marshal, hearing an appeal of parties aggrieved by the granting of licenses for the keeping, storage and sale of petroleum products in a city, properly may refuse to receive in evidence an order by his predecessor in office, revoking licenses previously granted for a similar purpose.

It was proper for the State fire marshal to proceed with the hearing of the appeal above described although he was informed that persons other than the licensees were expecting to operate under the licenses: it is for the licensing authority and not for the marshal to decide whether others than the licensees may be permitted so to operate.

The State fire marshal hearing the appeal above described did not purport to usurp the power of granting the licenses nor invade the power of the department of public safety, nor act in excess of his authority in determining that, if certain additional conditions, specified by him in detail, were observed, a fire hazard would not result from the exercise of the license and in approving the licenses provided such conditions were observed, but adding that, if "the said conditions are not observed, I find that a fire hazard would exist in which event I order that the said licenses be revoked"; and such action on his part did not constitute ground for maintaining a suit in equity under G. L. c. 147, § 5, as amended by St. 1930, c. 399.

BILL IN EQUITY, filed in the Superior Court on November 25, 1931, under G. L. c. 147, § 5, as amended by St. 1930, c. 399, and described in the opinion.

The defendants demurred. The demurrers were heard by *Dillon*, J., and were overruled. The judge, stating that he was of opinion that the demurrers raised questions of law that might properly be reported, and that said questions so affected the merits of the controversy that before further proceedings the matters ought to be determined by this court, reported the suit for that purpose.

*F. T. Leahy*, for M. Thomas Green, trustee.

*C. F. Lovejoy*, Assistant Attorney General, for State Fire Marshal.

*L. A. Mayberry*, (*H. H. Ham, H. L. Barrett & S. Abrams* with him,) for Boston Port Development Company.

*M. Wigderson*, for the plaintiffs.

SANDERSON, J. This bill of complaint was brought by taxpayers and owners of property in Revere against the Boston Port Development Company and M. Thomas Green, trustee, purporting to be licensees for the keeping, storage and sale of petroleum products in Revere, and John W. Reth, State fire marshal. The plaintiffs allege that the bill was brought by way of appeal under the statutes, from the decision, order or finding of the fire marshal, and they seek to have his action declared of no

effect except in so far as he found that a fire hazard would result from the exercise of the licenses granted by the city council of Revere, and they also seek to have the licenses granted declared void, and other relief.

The bill alleges that on June 8, 1931, the city council of Revere voted to grant a license to the Boston Port Development Company subject to certain restrictions for the keeping, storage and sale of petroleum products on land in Revere therein described, and also a similar license to M. Thomas Green, trustee; that after these orders were passed the petitioners, as aggrieved persons, within the time provided by law appealed to the State fire marshal on the ground that the exercise thereof would constitute a fire or explosion hazard, and asked that the same be revoked; that the State fire marshal, after notice, had a public hearing on the appeals at which testimony was introduced tending to prove that the exercise of the licenses would constitute a serious fire and explosion hazard to adjoining property and imperil the lives and safety of the inhabitants, and that evidence was also introduced tending to prove the contrary; that the petitioners offered to submit in evidence an order of the fire marshal's predecessor concerning licenses previously granted for a similar purpose, wherein it was ordered that the licenses be revoked, and that this evidence was erroneously excluded by the present fire marshal; that the defendants Boston Port Development Company and M. Thomas Green, trustee, stated that the licenses would not be exercised by them, but that they had sold or leased the proposed storage location to others and that the fire marshal exceeded his authority in hearing evidence as to the manner in which others who are not the lessees proposed to exercise the licenses; that the fire marshal rendered a decision on November 14, 1931, in which he decided that a fire hazard would not result from the exercise of these licenses provided that specified added restrictions were embodied in the purported licenses and observed, but that if such conditions were not observed a fire hazard would exist and the licenses would be revoked.

The terms of this decision so far as material are as follows: "After notice and hearing, I determine that a fire hazard would not result from the exercise of these licenses, provided that the following conditions are observed; and, therefore, order that the said licenses be approved, provided: That in addition to the restrictions embodied in the licenses granted by the City Council of Revere, the alteration, type and construction of all buildings, racks, platforms, structures, distances between tanks and buildings, the type, capacity and construction of all tanks, the construction of all piers and wharves, the capacity of dikes and construction of same, the fire prevention, fire extinguishment and fire protection equipment and forces, the ingress and egress, the water mains and water supply, the location of fire hydrants, hose and houses, the fire alarm system, the permanent roads, the steam and sewerage system, the sprinkler system, and the foamite, foamite generators and distribution system, shall be subject to the approval of the State Fire Marshal and the rules and regulations of the Department of Public Safety. That all tanks shall be of the standard gas tight type, equipped with lightning and flame arresters; and that the construction, use and maintenance of all tanks and containers shall be subject to the approval of the State Fire Marshal and the Department of Public Safety. That the handling and delivery of fuel oil to or from vessels shall be subject to the approval of the State Fire Marshal and the Department of Public Safety. That there shall be maintained within the plant an efficient plant fire brigade. This fire brigade shall be regularly inspected by the Chief of the Fire Department of the City of Revere who shall prescribe rules and regulations for the conduct and operation of said force. That there shall be no refining of petroleum products in any degree. That no storage tank shall be constructed within twelve hundred feet of Winthrop Avenue, seventeen hundred feet of Washburn Avenue, and fifteen hundred feet of Vinal Street. That there shall be devised an approved boom system of fire protection on the water of Chelsea River when vessels are docked and unloading. That the plans and

specifications affecting the turning basin in the Chelsea River and the boom fire protection system in connection with this basin and the docks shall be approved by the State Fire Marshal. If the said conditions are not observed, I find that a fire hazard would exist in which event I order that the said licenses be revoked."

All the defendants demurred to the bill, some of them stating several grounds therefor, but a ground common to all is that the facts alleged do not entitle the petitioners to the relief prayed for. The demurrers were overruled and the case was reported on the bill of complaint, the demurrers, the orders overruling the demurrers, the appeals therefrom, such decree or order to be made as justice may require.

The petitioners contend that the fire marshal exceeded his authority in doing anything more than to approve or disapprove the licenses with the conditions and restrictions as stated therein, and that he exceeded his authority in ordering the approval provided the additional specifications to eliminate a fire hazard should be observed, and in making his approval depend upon the observance of those conditions. For the purpose of determining the question whether the fire marshal exceeded his authority in the action taken by him, it will be assumed, without deciding, that the plaintiffs are persons aggrieved because of the action taken by the State fire marshal, that the proper parties are before the court, that the Superior Court in equity has authority under G. L. c. 147, § 5, as amended by St. 1928, c. 320; St. 1930, c. 399, § 5, to consider the matter presented in this bill, and that the questions presented by the bill and demurrers have not become moot because of the fact disclosed by papers filed in this court that the city council on December 22, 1931, amended the licenses previously granted by adding thereto the conditions above quoted from the decision of the State fire marshal. We interpret the decision of the marshal that the licenses be approved provided the conditions stated by him are complied with, although expressed in the form of an order, to mean no more than that the licenses met with his approval upon the conditions

stated, but that if the conditions were not observed a fire hazard would exist and in that event he ordered that the licenses be revoked.

No error appears in the refusal of the marshal to hear evidence as to the action of his predecessor in office concerning licenses previously granted for a similar purpose. See *Hanauer* v. *State Fire Marshal*, 271 Mass. 506, 510.

The amended form of G. L. c. 148, § 13, as it appears in St. 1930, c. 399, § 1, prohibits the use of any building or other structure, with exceptions not here material, for the keeping, storage, manufacture or sale of specified things, which would include petroleum. products, unless the local licensing authority shall have granted a license therefor after a public hearing, of which the statutory notice has been given, and it also gives the fire marshal, as well as the licensing authority, the right to revoke for cause after notice and hearing the licensed use of a building or other structure for any of the purposes mentioned in the statute, and it further provides, "Any person aggrieved by the granting of a license hereunder on the ground that the exercise thereof would constitute a fire or explosion hazard may, within ten days after the granting thereof, appeal to the marshal who, after notice and hearing, shall finally determine whether such a hazard would result. If, in his opinion, such a hazard would result he shall notify the authority granting the license, who shall forthwith revoke the same."

The marshal was warranted in proceeding with the hearings after being informed that persons other than the licensees were expecting to operate under the licenses. It is for the licensing authority and not the marshal to decide whether others than the licensees may be permitted so to operate. *Simon* v. *Meyer*, 261 Mass. 178. See *Quinn* v. *Middlesex Electric Light Co.* 140 Mass. 109; *Foss* v. *Wexler*, 242 Mass. 277, 281; *Hanley* v. *Cook*, 245 Mass. 563, 565; *Weiss* v. *Mayor & City Council of Woburn*, 263 Mass. 30. The licenses in question were issued by the city council of Revere to the Boston Port Development Company and M. Thomas Green, trustee, with certain restrictions. The right of appeal to the fire marshal under the section quoted

was for the sole purpose of having him pass upon the question whether the exercise of the licenses granted would constitute a fire or explosion hazard. It is apparent that the answer to this question in a particular case may depend upon the location, the precautionary measures adopted, the manner in which the license is to be exercised and perhaps upon other considerations. The inquiry by the marshal upon the appeal relates to the future and to the exercise of the licenses in connection with structures not erected. In *Dascalakis* v. *Commonwealth*, 244 Mass. 568, 570, the court said: "The words of statutes are to be interpreted in accordance with the common and approved usages of the language. A statute as a whole is to be construed so as to make it an effectual piece of legislation in harmony with common sense and sound reason." The title of St. 1930, c. 399, is "An Act providing a uniform system of fire prevention throughout the commonwealth." It would hardly be assumed that the Legislature intended that the fire marshal should so perform his duty as to hamper or restrict the conduct of a legitimate business which had been licensed by the proper authority, except in so far as that result would follow from his decision as to precautions which should be taken to eliminate a fire or explosion risk in the exercise of the license. See *Commonwealth* v. *Maletsky*, 203 Mass. 241, 248; *Goldstein* v. *Conner*, 212 Mass. 57, 58. For the practical administration by the marshal of the duties of his office it would come fairly within the scope of the things he is authorized to do to state in advance the conditions under which the license might be exercised so as to be free from a fire hazard. This might fairly be inferred from the broad power given him to revoke for cause licenses which have been granted. In the case at bar both the local licensing authority and the fire marshal have decided that the business may be conducted consistently with the public safety if certain restrictions and conditions are observed. The final responsibility of deciding in a particular case whether the exercise of a license issued under § 13 of the statute in the amended form would result in a fire hazard has been placed by the Legislature upon the

fire marshal.  See *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 278; *New England Telephone & Telegraph Co.* v. *Department of Public Utilities,* 262 Mass. 137, 147. In the decision of the marshal he did not purport to usurp the power of granting the licenses but recognized the right of the licensing authority to do that.  He notified all parties, however, that if the conditions imposed by him were not complied with the licenses would be revoked.  His right to impose conditions finds support to some extent in the principle stated in *Southern Pacific Co.* v. *Olympian Dredging Co.* 260 U. S. 205, 208: "The power to approve implies the power to disapprove and the power to disapprove necessarily includes the lesser power to condition an approval."  In submitting a schedule of restrictions the marshal was not invading the province of the department which is authorized by § 9 of G. L. c. 148 in the amended form appearing in St. 1930, c. 399, § 1, to make rules and regulations for the keeping, storage, use, manufacture, sale, handling, transportation or other disposition of various substances including petroleum products.  These rules and regulations would necessarily be somewhat general in their nature and could not be expected to provide for all the conditions under which the license of a particular industry might be exercised without fire or explosion risk in a specified locality.  Details of this kind may be said to come fairly within the scope of the marshal's authority. No contention has been made that the specifications of the marshal are inconsistent with any rule or regulation of the department.  The failure of the marshal to refer in terms to explosion hazard we interpret to mean that if the restrictions mentioned are observed neither fire nor explosion hazard will result from the exercise of the licenses.

We need not decide the question whether the conditions stated by the marshal may be specifically enforced.  It is enough that he has power to revoke the licenses in accordance with the provision of the statute if the conditions are not observed and a fire or explosion hazard exists.  The conditions imposed so far as they are made to depend upon the approval of the fire marshal or of himself and the de-

partment cannot be said to be unreasonable or arbitrary in view of the authority given to the department, of the power given the marshal to decide finally whether the exercise of a license will result in a fire hazard, of his power to revoke licenses granted, and of the other powers given him by statute and also in view of the duty of the department and the marshal to aid in making a uniform system of fire prevention throughout the Commonwealth. We cannot say that any of the conditions specified by the marshal were unreasonable, too vague in their terms, or beyond the power of the marshal to impose. See *City Council of Salem* v. *Eastern Massachusetts Street Railway*, 254 Mass. 42, 46; *Commonwealth* v. *Willcutt*, 259 Mass. 406.

The interlocutory decrees overruling the demurrers are reversed and a decree sustaining the several demurrers is to be entered.

*Ordered accordingly.*