LEE UNDERWOOD *vs.* APPEALS COURT. July 7, 1998. *Practice, Civil,* Appeal, Costs, Waiver. *Words,* "Substitution."

Lee Underwood (petitioner) appeals from the judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm the judgment.

The petitioner is a prison inmate who was employed in the correctional facility's "industries program." The petitioner was terminated from that employment, which gave rise to his filing a civil action against the Commissioner of Correction (commissioner) and others. Following a jury-waived trial,

---

a Superior Court judge entered judgment in the commissioner's favor and the petitioner sought to appeal.

Along with the petitioner's request that his case be docketed in the Appeals Court, he filed an affidavit of indigency and a request that the filing fee "either be waived, substituted or paid for by the state." See G. L. c. 261, § 27B. The petitioner also attached a printout of his prison personal account, which reflected a then-current balance of $60.58. The Appeals Court endorsed the defendant's docketing request: "Upon payment of $6.00 in the form of a money order made payable to the Commonwealth of Massachusetts, the appeal may be docketed." The petitioner did not pay this reduced fee, but rather, filed an "emergency motion" seeking to proceed in forma pauperis and requesting "that the $150.00 docketing fee, or *any percentage therof* [sic], be waived" (emphasis added). The Appeals Court denied the petitioner's request, without prejudice, but again indicated that it would docket the petitioner's appeal on payment of $6. The petitioner next filed a petition for relief under G. L. c. 211, § 3, which was denied without a hearing, and this appeal ensued.

The petitioner challenges the Appeals Court's decision to require a partial filing fee, in lieu of a complete waiver of the total amount.[1] However, both of the petitioner's filings in the Appeals Court specifically listed the payment of a partial — or "substitute" — fee as one of the possible actions he was seeking. Consequently, the petitioner was granted what he requested. To the extent the petitioner's claim can be construed as a challenge to the Appeals Court's authority to impose a partial filing fee, that claim is without merit. The clear language of the statute vests the court with the power to grant a "waiver, *substitution* or payment by the commonwealth" (emphasis added). G. L. c. 261, § 27B. We take the word "substitution" to indicate a legislative intent to authorize courts to require a payment that is short of the full fee but more than a complete waiver. Indeed, we have held in other contexts that "[d]iscretion to deny completely an application includes the power to grant less than the full privilege." See *Fragopoulos* v. *Rent Control Bd. of Cambridge*, 408 Mass. 302, 304 (1990), citing *Goodwin* v. *Department of Pub. Utils.*, 351 Mass. 25, 26 (1966).

Requiring litigants to pay a reasonably reduced filing fee, set within their limited financial means, serves the important dual purpose of providing equal access to the courts while simultaneously screening out frivolous claims. See *Olivares* v. *Marshall*, 59 F.3d 109, 111 (9th Cir. 1995); *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (requiring plaintiff of small financial means to pay partial filing fee was reasonable where it is "all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so").

In this case, the petitioner had over $60 in his personal account. The modest fee required to docket his appeal is not unduly burdensome and furthers the legitimate purpose of requiring this litigant to stand behind his claim. Accordingly, the judgment entered in the county court denying the petition is affirmed.

---

[1]In his petition before the single justice of this court, the petitioner did not challenge the method by which the Appeals Court arrived at the $6 sum, nor did he claim that he was improperly denied a hearing. See G. L. c. 261, § 27C. To the extent the petitioner now makes claims for the first time, they are not properly before us and are deemed waived.

*So ordered.*

The case was submitted on briefs.

*Lee Underwood,* pro se.

*William J. Duensing,* Assistant Attorney General, for the Appeals Court.